IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:18-CR-47-D
No. 4:22-CV-92-D

| | |
|---|---|
| BRANDON WRIGHT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On August 5, 2022, Brandon Wright ("Wright" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate his conviction for conspiracy to distribute and possess with the intent to distribute 50 grams or more of methamphetamine (count one) and distribution and possession with intent to distribute 50 grams or more of methamphetamine (count two) and to vacate his 300-month sentence [D.E. 105] and filed a memorandum in support [D.E. 106]. The same day, Wright moved for an evidentiary hearing [D.E. 107]. On September 15, 2022, the government moved to dismiss Wright's section 2255 motion [D.E. 110] and filed a memorandum in support [D.E. 111]. On September 16, 2022, the court issued Wright a Rule 12 letter [D.E. 112]. On October 17, 2022, Wright responded in opposition to the government's motion to dismiss [D.E. 116]. As explained below, the court grants the government's motion to dismiss, dismisses Wright's section 2255 motion, and denies Wright's motion for an evidentiary hearing.

I.

Wright is a violent recidivist and is responsible in this case for distributing a minimum of 4.936 kilograms of methamphetamine. See Presentence Investigation Report ("PSR") [D.E. 74] ¶¶ 7–12, 18–19. On May 14, 2019, a jury convicted Wright of conspiracy to distribute and possess with

intent to distribute 50 grams or more of methamphetamine (count one) and distribution and possession with intent to distribute 50 grams or more of methamphetamine (count two). See at ¶¶ 1–12. On August 29, 2019, the court held a sentencing hearing and adopted the facts set forth in the PSR. See Sent. Tr. [D.E. 88] 4. The court calculated Wright's total offense level to be 38, his criminal history category to be II, and his advisory guideline range to be 262 to 327 months' imprisonment. See id. at 6. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Wright to 300 months' concurrent imprisonment on counts one and two. See id. at 17–22. Wright appealed. See [D.E. 84–86]. On June 3, 2021, the United States Court of Appeals for the Fourth Circuit affirmed Wright's conviction and sentence. See United States v. Wright, 858 F. App'x 615, 615–19 (4th Cir. 2021) (per curiam) (unpublished); [D.E. 95].

II.

In Wright's section 2255 motion, Wright contends that his trial counsel was constitutionally ineffective by failing to: (1) interview and investigate the credibility of Tyrone Thomas ("Thomas"), a jail house informant who testified as a government witness during Wright's trial; (2) object to Thomas's testimony at trial; (3) introduce Thomas's prior inconsistent statements; (4) file a motion to suppress Thomas's testimony; (5) investigate and impeach law enforcement witness Steven Cottingham ("Cottingham"); (6) object to the government using leading questions with Thomas; (7) obtain Thomas's prison records for impeachment; and (8) properly advise Wright of his right to testify. See [D.E. 106] at 3–10; see also [D.E. 116] 1–3; [D.E. 116-1] 1–17.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. Fed. R. Civ. P. 12(b)(6); see Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190

2

(4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

"The Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including discovery, pretrial motions, trial, sentencing, and appeal. See, e.g., Lee v. United States, 137 S. Ct. 1958, 1964–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, a defendant must show that his counsel's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S.

3

668, 687–91 (1984); United States v. Mayhew, 995 F.3d 171, 176 (4th Cir. 2021). Because "[a]n ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, . . . the Strickland standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve." Harrington v. Richter, 562 U.S. 86, 105 (2011) (quotation omitted); see Weaver v. Massachusetts, 137 S. Ct. 1899, 1912 (2017); Jackson v. Kelly, 650 F.3d 477, 493 (4th Cir. 2011).

When determining whether counsel's representation was objectively unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

First, Wright claims that his counsel was ineffective by failing to interview Thomas and investigate Thomas's credibility. See [D.E. 106] 3–7; [D.E. 116] 2–3; [D.E. 116-1] 1–4. The record belies Wright's argument and demonstrates that counsel did investigate and probe the credibility of Thomas's testimony during the trial. See [D.E. 91] 162–82. Specifically, Wright's counsel probed Thomas's credibility, drawing admissions from Thomas that called his credibility into question, discussing Thomas's pending indictment, potential benefits Thomas would receive from testifying, and potential bias, and addressing other relevant points favorable to Wright. See id. Moreover, Wright does not plausibly allege how additional investigation of Thomas or other pre-trial questioning of Thomas would have helped Wright. Cf. Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent

4

a proffer of what favorable evidence or testimony would have been produced."); Bassett v. Thompson, 915 F.2d 932, 940–41 (4th Cir. 1990) (same). Moreover, Thomas was represented by his own counsel in his own pending criminal case, and Wright has not plausibly alleged that Thomas's counsel would have permitted Wright's counsel to conduct a pre-trial interview of Thomas. Cf. [D.E. 91] 142–44. Furthermore, the Sixth Amendment does not require a lawyer to make all non-frivolous arguments or to investigate "every conceivable line of mitigating evidence no matter how unlikely the effort would be to" succeed. Wiggins v. Smith, 539 U.S. 510, 533 (2003); see Knowles v. Mirzayance, 556 U.S. 111, 124–26 (2009). Thus, Wright's claim fails concerning performance.

Alternatively, on direct appeal, Wright litigated and lost his attack on the admission of Thomas's trial testimony. See Wright, 858 F. App'x at 615–16. Although Wright did not challenge on appeal his counsel's effectiveness in failing to attack the admission of Thomas's testimony, Wright's ineffective assistance claim concerning counsel's investigation of Thomas, counsel's questioning of Thomas, and the admission of Thomas's testimony essentially recharacterizes a claim that Wright lost on direct appeal. Compare id. with [D.E. 106] 3–7. Wright cannot use a section 2255 motion to recharacterize and relitigate a claim that he lost on direct appeal. See Bousley v. United States, 523 U.S. 614, 622–23 (1998); United States v. Frady, 456 U.S. 152, 164–65 (1982); Dyess, 730 F.3d at 360; United States v. Roane, 378 F.3d 382. 396 n.7 (4th Cir. 2004); Boeckenhaupt v. United States, 537 F.2d 1182, 1183 (4th Cir. 1976) (per curiam). Thus, Wright's ineffective assistance claim concerning the admission of Thomas's trial testimony fails.

Second, Wright argues that his counsel was ineffective by failing to "present a formidable defense." [D.E. 106] 7–9. Specifically, Wright argues that counsel failed to object during Thomas's testimony, to object to the government using leading questions with Thomas, to introduce evidence

5

that Thomas's statements to police and testimony were inconsistent, to obtain Thomas's prison records for impeachment, to seek suppression of Thomas's statements under the Sixth Amendment, and to investigate and impeach Cottingham. See id.

As for Wright's claims that his counsel failed to object to, investigate, and impeach Thomas's testimony, the record belies Wright's argument and demonstrates that counsel did investigate and probe the credibility of Thomas's testimony and make proper objections. See [D.E. 91] 162–82. Wright's counsel questioned Thomas about his convictions, Thomas's pending indictment and potential penalties, and Thomas's plea agreement with the government. See id. at 163–75. Wright's counsel made proper objections and was not required to make frivolous objections. Id. at 103–05, 139–82; see Moody v. Polk, 408 F.3d 141, 151 (4th Cir. 2005); Pollard v. Armontrout, 16 F.3d 295, 298 (8th Cir. 1994); Boyd v. Dir. Dep't of Corr., No. 1:14cv381, 2015 WL 1137991, at *5–6 (E.D. Va. Mar. 10, 2015) (unpublished); White v. Johnson, No. 1:07cv376, 2007 WL 3378541, at *8 (E.D. Va. Nov. 7, 2007) (unpublished). The performance of Wright's counsel falls comfortably within the "wide range of reasonable professional assistance." Winston v. Kelly, 592 F.3d 535, 544 (4th Cir. 2010); see [D.E. 91] 162–82. And Wright fails to plausibly alleged that his counsel was deficient for failing to obtain Thomas's prison records before trial. See Beaver, 93 F.3d at 1195 ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); Bassett, 915 F.2d at 940–41. As mentioned, the Sixth Amendment does not require a lawyer to make all non-frivolous arguments or to investigate "every conceivable line of mitigating evidence no matter how unlikely the effort would be to" succeed. Wiggins, 539 U.S. at 533; see Knowles, 556 U.S. at 124–26. Thus, this claim fails as to performance.

6

As for Wright's claim that his counsel should have sought to suppress Thomas's testimony based on the Sixth Amendment, where an ineffectiveness claim is based on counsel's failure to file a motion to suppress, Strickland's "deficient performance prong" requires "that an unfiled motion would have had some substance." Grueninger v. Dir., Va. Dept. of Corr., 813 F.3d 517, 525 (4th Cir. 2016) (quotation omitted); see Tice v. Johnson, 647 F.3d 87, 104 (4th Cir. 2011). "And the prejudice prong in such cases has two distinct components, with the petitioner required to show both (1) that the motion was meritorious and likely would have been granted, and (2) a reasonable probability that granting the motion would have affected the outcome of the trial." Grueninger, 813 F.3d at 525; Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); Tice, 647, F.3d at 104.

The court rejects Wright's argument about the motion to suppress as to performance and prejudice. Wright's conclusory allegation does not plausibly allege a basis for counsel to attack Thomas's testimony based on the Sixth Amendment. Indeed, the record belies Wright's contention that the government placed Thomas in Wright's cell in order to elicit inculpatory statements from Wright. See [D.E. 91] 147–83; [D.E. 92] 12–82. Thus, the claim fails as to performance and prejudice. See Strickland, 466 U.S. at 687–96; Grueninger, 813 F.3d at 525.

As for Wright's claim that his counsel failed to investigate and impeach Cottingham, Wright's counsel objected to certain government questions on direct examination and thoroughly cross-examined Cottingham. See [D.E. 92] 15, 22–24, 30, 34, 59–81. Specifically, Wright's counsel probed Cottingham's lack of personal observation, discussed Cottingham's inconsistent statements, and addressed other relevant points favorable to Wright. See id. Wright fails to plausibly allege what additional investigation into Cottingham would have revealed. Cf. Bassett, 915 F.2d at 940–41. Again, Wright's conclusory allegations do not plausibly allege a basis for counsel to attack Cottingham's testimony. Moreover, in light of the overwhelming evidence against

7

Wright, Wright has not plausibly alleged prejudice. Thus, the claim fails concerning performance and prejudice. See Strickland, 466 U.S. at 687–96.

Finally, Wright argues that his counsel was ineffective by failing to properly inform him of his constitutional right to testify. See [D.E. 106] 9–10. "[I]n order to prove ineffective assistance of counsel based on his claim that his attorney prevented him from exercising his right to . . . [a defendant] must show both that his attorney violated his right to testify and that his testimony had a 'reasonable probability' of changing the outcome." United States v. Rashaad, 249 F. App'x 972, 973 (per curiam) (unpublished); Strickland, 466 U.S. at 694.

Wright's concedes that counsel "did mention testifying" to him before trial. [D.E. 106] 9. Moreover, at the end of the first day of trial and in Wright's presence, the court distributed the draft jury instructions. The draft jury instructions recognized Wright's right to testify or not to testify, and the court advised Wright of that right. See [D.E. 91] 202–03. Furthermore, on the second day of trial and in Wright's presence, defense counsel told the court that Wright would not testify. See [D.E. 92] 7–8. In light of Wright's criminal history and the evidence presented at trial, Wright has not plausibly alleged deficient performance or prejudice. Cf. PSR ¶¶ 11, 18–19; Strickland, 466 U.S. at 687–96.

Alternatively, as for all claims concerning Wright's sentence, even assuming that Wright's counsel's performance was deficient, each of Wright's sentencing claims fail as to prejudice. The court announced that it would impose the same 300-month sentence as an alternate variant sentence pursuant to 18 U.S.C. § 3553(a). See Sent. Tr. at 21; see also United States v. Hargrove, 701 F.3d 156, 161–63 (4th Cir. 2012); United States v. Keene, 470 F.3d 1347, 1348–50 (11th Cir. 2006). Thus, there was no prejudice. See Sears v. Upton, 561 U.S. 945, 955–56 (2010); Glover v. United States, 531 U.S. 198, 202–04 (2001); Strickland, 466 U.S. at 691–96.

8

After reviewing the claims presented in Wright's motion, the court finds that reasonable jurists would not find the treatment of Wright's claims debatable or wrong and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 110], DISMISSES petitioner's section 2255 motion [D.E. 105], DENIES petitioner's motion for an evidentiary hearing [D.E. 107], and DENIES a certificate of appealability.

SO ORDERED. This 6 day of December, 2022.

JAMES C. DEVER III
United States District Judge